UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE GUIJARRO, individually, and on behalf of all other similarly situated current and former employees of SHERATON OPERATING CORPORATION,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SHERATON OPERATING CORPORATION, corporation; and DOES 1 through 100, inclusive,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 19cv2237-L-LL<br><br>**ORDER IMPOSING SANCTIONS AS A RESULT OF PLAINTIFF JORGE GUIJARRO'S FAILURE TO APPEAR AT THE EARLY NEUTRAL EVALUATION CONFERENCE;**<br><br>**ORDER SETTING HEARING** |

On January 8, 2020, the Court issued an Order to Show Cause as to why sanctions should not be imposed on Plaintiff for Plaintiff Jorge Guijarro's failure to appear in-person at the Early Neutral Evaluation ("ENE"). ECF No. 9. After considering the filings submitted by the parties [ECF Nos. 11, 12], the Court concludes that Plaintiff should be sanctioned in the amount, and for the reasons, set forth below.

///

///

///

## RELEVANT BACKGROUND

On November 26, 2019, the Court issued a Notice and Order for an Early Neutral Evaluation to be held on January 7, 2020. ECF No. 5. The ENE Notice required that all parties and the principal attorneys responsible for the litigation attend the ENE.

Specifically, the ENE Notice stated:

> **Personal Appearance of Parties Required**: All parties, adjusters for insured parties, and other representatives of a party having full and complete authority to enter into a binding settlement, and the principal attorneys responsible for the litigation, must be present **in person** and legally and factually prepared to discuss settlement of the case. Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.

Id. at 2.

On January 7, 2020, the Court attempted to convene an ENE as scheduled. ECF No. 8. Plaintiff, Mr. Guijarro, failed to appear. Id. Plaintiff's counsel, Mr. Douglas Perlman, represented to the Court on January 7, 2020 that he had tried to reach his client to inform him to appear at the ENE, but was unsuccessful. For these reasons, the Court issued an Order to Show Cause ("OSC") that ordered Plaintiff to file a declaration regarding his failure to appear and why Plaintiff should not be sanctioned. ECF No. 9.

On January 14, 2020, Plaintiff's counsel submitted a declaration in response to the Court's OSC. ECF No. 11. On January 16, 2020, Defendant's counsel filed a response. ECF No. 12.

## ANALYSIS

### I. Mr. Guijarro's Failure to Appear and Failure to Obey a Pretrial Order

"The authority of a federal court to order attendance of attorneys, [and] parties . . . at settlement conferences and to impose sanctions for disregard of the court's orders is so well established as to be beyond doubt." Chavarria v. Mgmt. & Training Corp., No. 16cv0617 H(RBB), 2016 U.S. Dist. LEXIS 196983, at *12 (S.D. Cal. Aug. 25, 2016)

2

19cv2237-L-LL

(citation omitted). Federal Rule of Civil Procedure 16(f) provides that the Court may sanction a party or its attorney if the party "fails to appear at a scheduling or other pretrial conference . . . or fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A) and (C). Similarly, Civil Local Rule 16.1(c)(1)(c) provides that "[s]anctions may be appropriate for an unexcused failure to attend [an ENE conference]." CivLR 16.1(c)(1)(c).

Here, Plaintiff Mr. Guijarro failed to comply with two Court orders. First, he failed to appear at the ENE. ECF No 8. Second, Mr. Guijarro failed to file a declaration regarding his failure to appear at the ENE pursuant to the Court's January 8, 2020 Order. ECF No. 9 at 2. Instead, his lawyer, Mr. Perlman, filed a declaration on his behalf, which sets forth his unsuccessful attempts to contact Mr. Guijarro prior to the ENE. ECF No. 11. Mr. Perlman's declaration further states that after the ENE, a member of his staff was successful in contacting Mr. Guijarro, and that Mr. Guijarro "has expressed interest in this litigation." Id. ¶ 5. However, Mr. Perlman offers no explanation as to why Mr. Guijarro's declaration is absent. See id.

Plaintiff's counsel's explanation is not enough to persuade the Court that sanctions are not justified. Even taking into account Mr. Perlman's explanation that this failure was unintentional, the Court "need not find bad faith in order to award sanctions pursuant to Rule 16(f)." Chavarria, 2016 U.S. Dist. LEXIS 196983, at *14 (citations omitted). "Rather, the Court may impose sanctions under Rule 16(f) for 'unintentional or negligent noncompliance with the court's pretrial orders." Id.; see also Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc., 275 F.3d 762, 769 (9th Cir. 2001) (finding the district court did not err in imposing sanctions for unintentional failure to attend mediation session).

The Court is mindful of both (1) the costs that Defendant incurred in having its counsel and party representatives appear in-person at the ENE and (2) Plaintiff's failure to appear at the ENE, thereby wasting time the Court could have used to address other matters on its docket.

/ / /

## II. Appropriate Sanction

Having concluded that sanctions are warranted, the Court next turns to the appropriate amount. Defendant's counsel, Ms. Barbara J. Miller, submitted a declaration asserting she incurred legal fees and costs in the amount of $739.13 in connection with attending the ENE. See ECF No. 12. The Court finds it appropriate to **ORDER** Plaintiff to reimburse Defendant in the sum of $739.13. Payment is to be made on or before **February 24, 2020**.

## III. Order to Show Cause Hearing

The Court additionally **ORDERS** Mr. Guijarro and his counsel to appear at an Order to Show Cause hearing on **February 4, 2020** at **9:30 a.m.** in **Courtroom 2B** located at 221 West Broadway, San Diego, California. Defendant is not required to appear at the Order to Show Cause hearing but may appear if it so chooses.

The Court further **ORDERS** Mr. Guijarro to file on the docket a declaration regarding his failure to appear at the ENE **no more than five pages in length** on or before **January 30, 2020**.

**IT IS SO ORDERED.**

Dated: January 23, 2020

Honorable Linda Lopez
United States Magistrate Judge